# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DAVID DWAYNE CASSADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV412-008 |
| ) | |
| MILTON, *Medical Director*; WARDEN ) | |
| KOON; JACK CARTER, *Mental* ) | |
| *Health Director*; NURSE HESTER; ) | |
| OFFICER YOUMAN; OFFICER ) | |
| WOOTEN; OFFICER REGISTER; ) | |
| and OFFICER CUMMINGS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff David Dwayne Cassady filed this 42 U.S.C. § 1983 prisoner conditions action alleging that he lacked funds sufficient to pay the Court's $350 filing fee. (Doc. 2.) The Court provisionally granted his request to proceed in forma pauperis ("IFP"), but instructed him to return two forms: a Prisoner Trust Fund Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) Rather

than submitting the forms, Cassady paid the filing fee in full.[1] (Doc. 4.) Since Cassady apparently had the funds to pay the Court's filing fee, he is **ORDERED** to show cause why this case should not be dismissed for lying on his IFP application.

The IFP statute, 28 U.S.C. § 1915, requires a court to dismiss an IFP case "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid" where "the allegation of poverty is untrue." *Id.* Rule 11(b) of the Federal Rules of Civil Procedure also "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the

---

[1] This isn't the first time Cassady managed to pay the entire filing fee. *See Cassady v. Walker*, No. CV109-128 (S.D. Ga. filed Oct. 16, 2009) (Cassady paid the entire $350 filing fee along with the complaint).

Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 380 F. App'x 940-41 (11th Cir. 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

While a prisoner's pro se pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court is sanctionable conduct and undermines the administration of justice. The Court

suspects that Cassady, in bad faith, attempted to mislead it as to his financial status, and thus an appropriate sanction is to dismiss his case without prejudice and to warn him that such false responses will not be tolerated and may result in more severe and long-term sanctions in the future. Such a dismissal will count as a 28 U.S.C. § 1915(g) strike against him. *Pinson v. Grimes*, No. 09-14242 (11th Cir. Aug. 9, 2010).

Prior to imposing sanctions, the Court must "order . . . [plaintiff] to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Too, due process must be satisfied in determining whether bad faith supports dismissal under the Court's inherent power. *Young*, 2010 WL 2170970 at *2. Due process requires that "the sanctionee have fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing." *Id.* Accordingly, the Court **ORDERS** plaintiff to show cause within fourteen days from the date of this Order why his case should not be dismissed for lying about his financial status. If plaintiff fails to respond adequately within fourteen days of this Order, his claim will likely be dismissed without prejudice for his abuse of the judicial process. *See Morefield v. DuPree*, No. CV605-054 (S.D. Ga. Dec. 3, 2008) (dismissing action without

prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history); *Gillilan v. Walker*, No. CV106-184, 2007 WL 842020 at *1 (S.D. Ga. Mar. 15, 2007) (same).

**SO ORDERED** this  2nd  day of February, 2012.

                                              */s/ G.R. Smith*
                                   UNITED STATES MAGISTRATE JUDGE
                                   SOUTHERN DISTRICT OF GEORGIA